Matter of Bryant v Garcia (2021 NY Slip Op 00521)





Matter of Bryant v Garcia


2021 NY Slip Op 00521


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 101284/19 Appeal No. 13018 Case No. 2020-03480 

[*1]In the Matter of Francine Bryant, Petitioner-Appellant,
v
Kathryn Garcia, as Interim Chair of the New York City Housing Authority et al., Respondents-Respondents.


Janet E. Sabel, The Legal Aid Society, Staten Island (Teresa K. DeFonso of counsel), for
appellant.
Lisa Bova-Hiatt, New York City Authority Law Department, New York (Andrew M. Lupin of counsel), for respondents.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered February 10, 2020, denying the petition to vacate respondent New York City Housing Authority's (NYCHA) determination, dated July 17, 2019, which terminated petitioner's tenancy upon a finding that she assaulted and injured a NYCHA employee, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the facts, without costs, and the petition granted to the extent of remanding the matter to respondent for the imposition of a lesser penalty.
The termination of the tenancy of petitioner, a now 64-year-old woman who has been a NYCHA tenant without incident for more than 40 years and will be evicted from her home along with her adult daughter because she suffered a momentary loss of control when she struck respondent's employee, whom she believed to be in a relationship with her former partner, is "so disproportionate to [her] offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974] [internal quotation marks omitted]; see e.g. Matter of Rock v Rhea, 114 AD3d 578, 582 [1st Dept 2014]; Matter of Milton v Christian, 99 AD2d 984 [1st Dept 1984]; Matter of Winn v Brown, 226 AD2d 191 [1st Dept 1996]; Matter of Spand v Franco, 242 AD2d 210 [1st Dept 1997], lv denied 92 NY2d 802 [1998]; Matter of Peoples v New York City Hous. Auth., 281 AD2d 259 [1st Dept 2001]; Cohoes Hous. Auth. v Doe, 59 Misc 3d 572 [Cohoes City Ct 2018]).
Given the facts presented as well as the lack of any evidence presented by NYCHA that petitioner's continued occupancy presents a concern to the safety of NYCHA employees or a risk to the other NYCHA tenants, this Court finds that a lesser penalty is warranted (see Matter of Spand v Franco, 242 AD2d at 210-211).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021